Rockingham, }
June, 1896. }

## PORTSMOUTH BREWING CO. *v.* MUDGE.

An action may be maintained upon an agreement for restitution by a defaulter, without regard to the illegal character of the business in which the funds were acquired.

ASSUMPSIT, upon a written agreement. Trial by a referee, who found for the plaintiffs and reported the facts. The defendant introduced no evidence, but excepted to a denial of his motion for a nonsuit and to the admission of evidence.

*Samuel W. Emery* and *Frink & Marvin,* for the plaintiffs.

*Eastman, Young & O'Neill* and *Ernest L. Guptill,* for the defendant.

CLARK, J. Since 1886, the plaintiffs have been engaged in the manufacture and illegal sale of intoxicating liquors at Portsmouth. The defendant was treasurer of the corporation from October 22, 1892, to March 1, 1894. In December, 1893, the directors of the company claimed that there was a shortage in the treasurer's cash account, and January 16, 1894, the defendant agreed in writing to pay to the company "such sum as may be necessary to make its cash right," within thirty days after a determination of the amount of the shortage by an auditing of the books of the company by some competent person designated by the directors. George R. Chapman, a competent accountant, was selected to audit the books, and his report was submitted to the directors February 24, 1894. The defendant did not pay the amount of the deficit reported by the auditor within thirty days; and after the expiration of that period, payment was demanded of him and refused. The money received by the treasurer accrued from the illegal business of the company.

The motion for a nonsuit was properly denied. By the agreement, the defendant was to pay the deficit in the treasurer's cash account within thirty days after the amount should be determined by a competent accountant. The business of the company to which the agreement related was past and completed, and will not be affected in any manner by the action of the court in this case. *Brooks* v. *Martin,* 2 Wall. 70; *Planters' Bank* v. *Union Bank,* 16 Wall. 483; *Railroad* v. *Railroad,* 66 N. H. 100. When an illegal contract has been executed by the parties themselves, and the illegal object of it has been accomplished, the money or thing which was the price of it may be a legal consideration be-

tween the parties for a promise, express or implied, and the court will not unravel the transaction to discover its origin. The plaintiffs could prove their case under the agreement without producing any evidence that their business was illegal.

Subject to exception, the plaintiffs introduced their books and certain reports relative to their business, purporting to have been made by the defendant, as treasurer, to the directors at their monthly meetings, and also the evidence of Hall, an expert accountant who examined the plaintiff's books after the decease of Chapman. The books and papers tended to show that Mark Scott was treasurer of the company from 1886 to 1892. These and the testimony of Hall tended to show that while Scott was treasurer there was a shortage in the cash account of $4,093.69, and from the time the defendant became treasurer to March 1, 1894, there was a further shortage of $3,520.19. This evidence was competent to show the amount of the defendant's defalcation, and the exception is overruled.

The referee assessed the plaintiffs' damages in the sum of $3,520.19, that being the amount of shortage in the treasurer's cash account chargeable to the defendant, with interest from March 24, 1894, and there should be judgment for the plaintiffs on the report. At the hearing, the plaintiffs claimed that the defendant was holden for the entire shortage in the treasurer's cash account under his agreement, but did not claim that he was liable upon Scott's bond which he signed as surety. A promise to pay Scott's deficit contained in the agreement would have been void as without consideration, and this claim was properly disallowed.

*Judgment for the plaintiffs.*

PIKE, J., did not sit: the others concurred.